1   QUINN EMANUEL URQUHART & SULLIVAN, LLP
       Claude M. Stern (Bar No. 96737)
2      claudestern@quinnemanuel.com
       Rachel Herrick Kassabian (Bar No. 191060)
3      rachelkassabian@quinnemanuel.com
       Timothy Butler (Bar No. 262962)
4      timothybutler@quinnemanuel.com
    555 Twin Dolphin Drive, 5th Floor
5   Redwood Shores, California  94065-2139
    Telephone:      (650) 801-5000
6   Facsimile:      (650) 801-5100

7   Attorneys for Defendant ZYNGA INC.

8                      UNITED STATES DISTRICT COURT

9                    NORTHERN DISTRICT OF CALIFORNIA

10                         OAKLAND DIVISION

11

12  SOCIALAPPS, LLC, d/b/a take(5)social and          CASE NO. 4:11-CV-04910-YGR
    playSocial, a California company,
13                                                    **STIPULATED PROTECTIVE ORDER**
                    Plaintiff,
14                                                    **Hon. Yvonne Gonzalez Rogers**
                vs.
15
    ZYNGA INC., a California corporation;
16  ZYNGA GAME NETWORK, INC., a
    California corporation; and DOES 1 through
17  10, inclusive,

18                  Defendants.

19

20

21  1.     **PURPOSES AND LIMITATIONS**

22         Disclosure and discovery activity in this action are likely to involve production of

23  confidential, proprietary, or private information for which special protection from public

24  disclosure and from use for any purpose other than prosecuting this litigation may be warranted.

25  Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated

26  Protective Order. The parties acknowledge that this Order does not confer blanket protections on

27  all disclosures or responses to discovery and that the protection it affords from public disclosure

28  and use extends only to the limited information or items that are entitled to confidential treatment

1  under the applicable legal principles. The parties further acknowledge, as set forth in Section 14.3,

2  below, that this Stipulated Protective Order does not entitle them to file confidential information

3  under seal; Civil Local Rule 79-5 and General Order 62 set forth the procedures that must be

4  followed and the standards that will be applied when a party seeks permission from the court to

5  file material under seal.

6  **2.      DEFINITIONS**

7        2.1      Challenging Party: a Party or Non-Party that challenges the designation of

8  information or items under this Order.

9        2.2      "CONFIDENTIAL" Information or Items: information (regardless of how it is

10  generated, stored or maintained) or tangible things that qualify for protection under Federal Rule

11  of Civil Procedure 26(c).

12        2.3      Counsel (without qualifier): Outside Counsel of Record and House Counsel (as

13  well as their support staff).

14        2.4      Designated House Counsel: House Counsel who seek access to "HIGHLY

15  CONFIDENTIAL – ATTORNEYS' EYES ONLY" information in this matter.

16        2.5      Designating Party: a Party or Non-Party that designates information or items that it

17  produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY

18  CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE

19  CODE."

20        2.6      Disclosure or Discovery Material: all items or information, regardless of the

21  medium or manner in which it is generated, stored, or maintained (including, among other things,

22  testimony, transcripts, and tangible things), that are produced or generated in disclosures or

23  responses to discovery in this matter.

24        2.7      Expert: a person with specialized knowledge or experience in a matter pertinent to

25  the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or as

26  a consultant in this action, (2) is not a past or current employee, contractor, or agent of a Party or

27  of a Party's competitor, and (3) at the time of retention, is not anticipated to become an employee,

28  contractor, or agent of a Party or of a Party's competitor.   For the purposes of this provision only,

any person who has served or anticipates serving a Party or a Party's competitor only as an expert or a consultant in litigation matters shall not be considered an employee, contractor, or agent of a Party or a Party's competitor.

2.8    "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items: extremely sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.9    "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items: extremely sensitive "Confidential Information or Items" representing computer code and associated comments and revision histories, formulas, engineering specifications, or schematics that define or otherwise describe in detail the algorithms or structure of software or hardware designs, disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.10    House Counsel: attorneys who are employees of a party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.11    Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.12    Outside Counsel of Record: attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.13    Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.14    Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.15    Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.16   <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or as "HIGHLY CONFIDENTIAL – SOURCE CODE."

2.17   <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

**3.   <u>SCOPE</u>**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

**4.   <u>DURATION</u>**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

**5.   <u>DESIGNATING PROTECTED MATERIAL</u>**

5.1   <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party

or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2    <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order (see, e.g., second Paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) <u>for information in documentary form</u> (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material

1   it would like copied and produced. During the inspection and before the designation, all of the

2   material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL –

3   ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants

4   copied and produced, the Producing Party must determine which documents, or portions thereof,

5   qualify for protection under this Order. Then, before producing the specified documents, the

6   Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY

7   CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE

8   CODE") to each page that contains Protected Material. If only a portion or portions of the material

9   on a page qualifies for protection, the Producing Party also must clearly identify the protected

10  portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each

11  portion, the level of protection being asserted.

12         (b) for testimony given in deposition or in other pretrial or trial proceedings, that the

13  Designating Party identify on the record, before the close of the deposition, hearing, or other

14  proceeding, all protected testimony and specify the level of protection being asserted. When it is

15  impractical to identify separately each portion of testimony that is entitled to protection and it

16  appears that substantial portions of the testimony may qualify for protection, the Designating Party

17  may invoke on the record (before the deposition, hearing, or other proceeding is concluded) a right

18  to have up to 30 days to identify the specific portions of the testimony as to which protection is

19  sought and to specify the level of protection being asserted. Only those portions of the testimony

20  that are appropriately designated for protection within the 30 days shall be covered by the

21  provisions of this Order. Alternatively, a Designating Party may specify, at the deposition or up to

22  30 days afterwards if that period is properly invoked, that the entire transcript shall be treated as

23  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

24         Parties shall give the other parties notice if they reasonably expect a deposition, hearing or

25  other proceeding to include Protected Material so that the other parties can ensure that only

26  authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound"

27  (Exhibit A) are present at those proceedings. The use of a document as an exhibit at a deposition

28  shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL

1   – ATTORNEYS' EYES ONLY."

2         Transcripts containing Protected Material shall have an obvious legend on the title page

3   that the transcript contains Protected Material, and the title page shall be followed by a list of all

4   pages (including line numbers as appropriate) that have been designated as Protected Material and

5   the level of protection being asserted by the Designating Party. The Designating Party shall inform

6   the court reporter of these requirements. Any transcript that is prepared before the expiration of a

7   21-day period for designation shall be treated during that period as if it had been designated

8   "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless otherwise

9   agreed. After the expiration of that period, the transcript shall be treated only as actually

10  designated.

11        (c) for information produced in some form other than documentary and for any other

12  tangible items, that the Producing Party affix in a prominent place on the exterior of the container

13  or containers in which the information or item is stored the legend "CONFIDENTIAL" or

14  "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL –

15  SOURCE CODE." If only a portion or portions of the information or item warrant protection, the

16  Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the

17  level of protection being asserted.

18        5.3     Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to

19  designate qualified information or items does not, standing alone, waive the Designating Party's

20  right to secure protection under this Order for such material. Upon timely correction of a

21  designation, the Receiving Party must make reasonable efforts to assure that the material is treated

22  in accordance with the provisions of this Order.

23  **6.      CHALLENGING CONFIDENTIALITY DESIGNATIONS**

24        6.1     Timing of Challenges. Any Party or Non-Party may challenge a designation of

25  confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality

26  designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic

27  burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to

28  challenge a confidentiality designation by electing not to mount a challenge promptly after the

1   original designation is disclosed.

2       6.2     Meet and Confer. The Challenging Party shall initiate the dispute resolution

3   process by providing written notice of each designation it is challenging and describing the basis

4   for each challenge. To avoid ambiguity as to whether a challenge has been made, the written

5   notice must recite that the challenge to confidentiality is being made in accordance with this

6   specific paragraph of this Order. The parties shall attempt to resolve each challenge in good faith

7   and must begin the process by conferring directly (in voice to voice dialogue; other forms of

8   communication are not sufficient) within 14 days of the date of service of notice. In conferring, the

9   Challenging Party must explain the basis for its belief that the confidentiality designation was not

10  proper and must give the Designating Party an opportunity to review the designated material, to

11  reconsider the circumstances, and, if no change in designation is offered, to explain the basis for

12  the chosen designation. A Challenging Party may proceed to the next stage of the challenge

13  process only if it has engaged in this meet and confer process first or establishes that the

14  Designating Party is unwilling to participate in the meet and confer process in a timely manner.

15      6.3     Judicial Intervention. If the Parties cannot resolve a challenge without court

16  intervention, the Designating Party shall file and serve a motion to retain confidentiality under

17  Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5 and General Order 62, if

18  applicable) within 21 days of the initial notice of challenge or within 14 days of the parties

19  agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. Each

20  such motion must be accompanied by a competent declaration affirming that the movant has

21  complied with the meet and confer requirements imposed in the preceding paragraph. Failure by

22  the Designating Party to make such a motion including the required declaration within 21 days (or

23  14 days, if applicable) shall automatically waive the confidentiality designation for each

24  challenged designation. In addition, the Challenging Party may file a motion challenging a

25  confidentiality designation at any time if there is good cause for doing so, including a challenge to

26  the designation of a deposition transcript or any portions thereof. Any motion brought pursuant to

27  this provision must be accompanied by a competent declaration affirming that the movant has

28  complied with the meet and confer requirements imposed by the preceding paragraph.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

**7.      ACCESS TO AND USE OF PROTECTED MATERIAL**

7.1      <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 15 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2      <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b) Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in Paragraph 7.4(a), below, have been followed];

(c) the court and its personnel;

(d) court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have

1   signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

2       (e) during their depositions, witnesses in the action to whom disclosure is reasonably

3   necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A),

4   unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed

5   deposition testimony or exhibits to depositions that reveal Protected Material must be separately

6   bound by the court reporter and may not be disclosed to anyone except as permitted under this

7   Order;

8       (f)  the author or recipient of a document containing the information or a custodian or other

9   person who otherwise possessed or knew the information; and

10      (g) two (2) Designated House Counsel of the Receiving Party (1) who have no

11  involvement in competitive decision-making, and (2) to whom disclosure is reasonably necessary

12  for this litigation.

13      7.3      Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" and

14  "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items. Unless otherwise ordered

15  by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any

16  information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or

17  "HIGHLY CONFIDENTIAL – SOURCE CODE" only to those persons identified above in

18  Paragraphs 7.2(a) through 7.2(f), and subject to the provisions of Paragraph 7.4 below.

19      7.4      Procedures for Approving or Objecting to Disclosure of "HIGHLY

20  CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE

21  CODE" Information or Items to Experts.

22      (a) Unless otherwise ordered by the court or agreed to in writing by the Designating Party,

23  a Party that seeks to disclose to an Expert (as defined in this Order) any information or item that

24  has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY

25  CONFIDENTIAL – SOURCE CODE" pursuant to Paragraph 7.3(b) first must make a written

26  request to the Designating Party that (1) identifies the general categories of "HIGHLY

27  CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE

28  CODE" information that the Receiving Party seeks permission to disclose to the Expert, (2) sets

forth the full name of the Expert and the city and state of his or her primary residence, (3) attaches a copy of the Expert's current resume, (4) identifies the Expert's current employer(s), (5) identifies each person or entity from whom the Expert has received compensation or funding for work in his or her areas of expertise or to whom the expert has provided professional services, including in connection with a litigation, at any time during the preceding five years, and (6) identifies (by name and number of the case, filing date, and location of court) any litigation in connection with which the Expert has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding five years.

(b) A Party that makes a request and provides the information specified in the preceding respective paragraphs may disclose the subject Protected Material to the identified Designated House Counsel or Expert unless, within 10 days of delivering the request, the Party receives a written objection from the Designating Party. Any such objection must set forth in detail the grounds on which it is based.

(c) A Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice to voice dialogue) to try to resolve the matter by agreement within seven days of the written objection. If no agreement is reached, the Party seeking to make the disclosure to Designated House Counsel or the Expert may file a motion as provided in Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5 and General Order 62, if applicable) seeking permission from the court to do so. Any such motion must describe the circumstances with specificity, set forth in detail the reasons why the disclosure to Designated House Counsel or the Expert is reasonably necessary, assess the risk of harm that the disclosure would entail, and suggest any additional means that could be used to reduce that risk. In addition, any such motion must be accompanied by a competent declaration describing the parties' efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and confer discussions) and setting forth the reasons advanced by the Designating Party for its refusal to approve the disclosure.

In any such proceeding, the Party opposing disclosure to Designated House Counsel or the Expert shall bear the burden of proving that the risk of harm that the disclosure would entail

1   (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected

2   Material to its Designated House Counsel or Expert.

3   **8.      PROSECUTION BAR**

4           Absent written consent from the Producing Party, any individual who receives access to

5   "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL –

6   SOURCE CODE" information shall not be involved in the prosecution of patents or patent

7   applications relating to the same field of technology before any foreign or domestic agency,

8   including the United States Patent and Trademark Office ("the Patent Office"). For purposes of

9   this paragraph, "prosecution" includes directly or indirectly drafting, amending, advising, or

10  otherwise affecting the scope or maintenance of patent claims. Prosecution includes original

11  prosecution, reissue, and reexamination proceedings. To avoid any doubt, "prosecution" as used in

12  this paragraph does not include representing a party challenging a patent before a domestic or

13  foreign agency (including, but not limited to, a reissue protest, *ex parte* reexamination or *inter*

14  *partes* reexamination). This Prosecution Bar shall end two (2) years after final termination of this

15  action.

16  **9.      SOURCE CODE**

17          (a)     To the extent production of source code becomes necessary in this case, a

18  Producing Party may designate source code as "HIGHLY CONFIDENTIAL - SOURCE CODE"

19  if it comprises or includes confidential, proprietary, or trade secret source code.

20          (b)     Protected Material designated as "HIGHLY CONFIDENTIAL – SOURCE CODE"

21  shall be subject to all of the protections afforded to "HIGHLY CONFIDENTIAL –

22  ATTORNEYS' EYES ONLY" information, including the Prosecution Bar set forth in Paragraph

23  8, and may be disclosed only to the individuals to whom "HIGHLY CONFIDENTIAL –

24  ATTORNEYS' EYES ONLY" information may be disclosed, as set forth in Paragraphs 7.3 and

25  7.4.

26          (c)     Any source code produced in discovery shall be made available for inspection, in a

27  format allowing it to be reasonably reviewed and searched, during normal business hours or at

28  other mutually agreeable times, at an office of the Producing Party's counsel or another mutually

agreed upon location. The source code shall be made available for inspection on a secured computer that is not networked, has no Internet connection, and for which all ports, software, and other avenues that could be used to copy or transfer such data have been blocked ("Standalone Computer") which computer will be located in a secured room without Internet access or network access to other computers, and the Receiving Party shall not copy, remove, or otherwise transfer any portion of the source code onto any recordable media or recordable device. The Producing Party may visually monitor the activities of the Receiving Party's representatives during any source code review, but only to ensure that there is no unauthorized recording, copying, or transmission of the source code.

(d)     Access to the Standalone Computer shall be permitted, after notice to the Producing Party and an opportunity to object, to up to two (2) outside counsel representing the receiving party and up to two (2) experts retained by the receiving party who have been approved as set forth in Paragraphs 7.3 and 7.4 of this Protective Order. The Producing Party's counsel shall ensure that only these persons authorized pursuant to this paragraph shall have access to a Standalone Computer. Moreover, the following additional restrictions shall apply to such access:

        i.     Each time a person accesses a Standalone Computer, the person shall sign a sign-in sheet before, and a sign-out sheet subsequent to, accessing the Standalone Computer. Such sheets shall include the name of the person accessing and the date and time in and out. Such sheets shall be maintained by the Producing Party's counsel, and such sheets and any information on them shall be inadmissible in this action except in connection with proceedings before the Court regarding any alleged violations of this Order.

        ii.     No computers, tablets, smartphones, blackberries, photographic or video recording devices, or any recording media itself (including but not limited to camera phones, cameras, video recorders, portable hard drives, and/or USB flash drives) are permitted in an office containing a Standalone Computer.

        iii.     After reasonable notice to the Producing Party as to the time and date of

desired access to a Standalone Computer, the Producing Party shall make its Standalone Computer available during regular business hours at a mutually agreeable time.

iv. The Producing Party may visually monitor the activities of the Receiving Party's representatives during any Source Code review, but only to ensure that no unauthorized electronic records of the Source Code are being created or transmitted in any way. Any observer used by the Producing Party shall be a reasonable distance away from the Receiving Party's representatives during the Source Code review so as to refrain from overhearing a whispered conversation (in order that the Receiving Party's representatives can quietly discuss the Source Code in the course of their review).

v. Unless otherwise agreed in advance by the parties in writing, the Receiving Party's outside counsel and/or experts shall remove all notes, documents, and all other materials from the room that may contain work product and/or attorney-client privileged information at the end of each day. Materials inadvertently left in the source code review room do not operate as a waiver of the attorney work product doctrine or any other applicable privilege and shall be returned to the owner promptly.  The Producing Party shall not be responsible for any items left in the source code review room.

(e) At the request and sole expense of the party seeking discovery, the Producing Party shall permit authorized persons to use software tools of their choosing for searching, inspecting, and/or analyzing the "HIGHLY CONFIDENTIAL – SOURCE CODE" materials on a Standalone Computer. Specifically, before viewing these materials on a Standalone Computer, the Receiving Party shall notify the Producing Party of the specific software tools desired to be used, and provide such software tools to counsel for the Producing Party. Unless the Producing Party objects to such software tools within two (2) business days of receipt of such notice, the Producing Party shall load such software tools on the Standalone Computer upon provision of such software tools by the

Receiving Party. If an authorized person from the Receiving Party is viewing these materials on a Standalone Computer and wishes to use additional software tools for searching, inspecting, and/or analyzing such material, the Receiving Party shall notify the Producing Party or Non-Party of such additional software tools and provide such software tools to the Producing Party or Non-Party, and the Producing Party or Non-Party shall use its best efforts to load such software tools as soon as practical thereafter. At Receiving Party's request, the Producing Party or Non-Party shall provide to the Receiving Party or Non-Party the identity of programming languages used to develop or edit these materials, and whether these materials were developed or edited in a UNIX, Windows, Apple and/or OS/X environment.

(f)      The Receiving Party may request reasonable portions of the Producing Party's Source Code be printed to paper copies by identifying such portions to the Producing Party. The Receiving Party shall not request printed copies of the Source Code in order to review blocks of Source Code elsewhere in the first instance, i.e., as an alternative to reviewing that Source Code electronically on the Standalone Computer, as the parties acknowledge and agree that the purpose of the protections herein would be frustrated by printing portions of code for review and analysis elsewhere, and that the Producing Party shall be required to print Source Code only when absolutely and directly necessary to prepare court filings or pleadings or other papers (including formal infringement contentions and a testifying expert's expert report).   Within seven (7) business days of a request, the Producing Party shall either (i) produce one copy set of the requested pages to the Receiving Party, or (ii) inform the Receiving Party that it objects to the request as excessive or not submitted for a permitted purpose.  Printed portions which exceed 50 continuous pages or 10% or more of a specific software release shall be presumed excessive and not done for a permitted purpose.  If, after meeting and conferring, the Producing Party and the Receiving Party cannot resolve the objection, the Receiving Party shall be entitled to seek a Court resolution of whether the request is narrowly tailored and for a permitted purpose. The burden shall be on the Receiving Party to demonstrate that such printed portions are reasonably necessary for a permitted purpose. The Producing Party will affix the proper Bates labeling and confidentiality designation to any printed copies to be produced to the Receiving Party.   The

Receiving Party's outside counsel of record and any person receiving a copy of any Source Code shall maintain and store any paper copies of the Source Code at their offices in a manner that prevents duplication of or unauthorized access to the Source Code, including, without limitation, storing the Source Code in a locked room or cabinet at all times when it is not in use.

(g)     The Receiving Party's outside counsel of record may make no more than three (3) additional paper copies of any portions of the Source Code received from a Producing Party pursuant to Paragraph 9(f) above, not including copies attached to court filings, and shall maintain a log of all paper copies of the Source Code.  The log shall include the names of the reviewers and/or recipients of paper copies and locations where the paper copies are stored. Upon seven (7) business day's advance notice to the Receiving Party by the Producing Party, the Receiving Party shall provide a copy of this log to the Producing Party.

(h)     For depositions, copies of Source Code that are marked as deposition exhibits shall not be provided to the Court Reporter or attached to deposition transcripts; rather, the deposition record will identify the exhibit by its production numbers. All paper copies of Source Code brought to the deposition shall be securely destroyed in a timely manner following the deposition.

(i)     Except as provided in this paragraph, absent express written permission from the Producing Party, the Receiving Party may not create electronic images, or any other images, or make electronic copies, of the Source Code from any paper copy of Source Code for use in any manner (including by way of example only, the receiving party may not scan the Source Code to a PDF or photograph the code). Images or copies of Source Code shall not be included in correspondence between the parties (references to production numbers shall be used instead), and shall be omitted from pleadings and other papers whenever possible. If a party reasonably believes that it needs to submit a portion of Source Code as part of a filing with the Court, the parties shall meet and confer as to how to make such a filing while protecting the confidentiality of the Source Code and such filing will not be made absent (i) agreement from the Producing Party that the confidentiality protections will be adequate, or (ii) Court order. If a Producing Party agrees to produce an electronic copy of all or any portion of its Source Code or provide written permission to the Receiving Party that an electronic or any other copy needs to be made for a Court filing, the

Receiving Party's communication and/or disclosure of electronic files or other materials containing any portion of Source Code (paper or electronic) shall at all times be limited solely to individuals who are expressly authorized to view Source Code under the provisions of this Order. Where the Producing Party has provided the express written permission required under this provision for a Receiving Party to create electronic copies of Source Code, the Receiving Party shall maintain a log of all such electronic copies of any portion of Source Code in its possession or in the possession of its retained consultants, including the names of the reviewers and/or recipients of any such electronic copies, and the locations where the electronic copies are stored. Additionally, any such electronic copies must be labeled "HIGHLY CONFIDENTIAL – SOURCE CODE" as provided for in this Order.

(j)     Nothing in this Order shall obligate the parties to produce any source code or particular portion thereof, and this Order is not an act or admission that any portion of a Producing Party's source code is discoverable or relevant to any issues in this action.

**10.     PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" that Party must:

(a) promptly and in no event more than ten (10) business days after receiving the subpoena or order notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Order. Such notification shall include a copy of this Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena

or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

## 11. A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a) The terms of this Order are applicable to information produced by a Non-Party in this action, provided that the non-party agrees in writing to be bound by the terms of this Order. Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

1. promptly notify in writing the Receiving Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

2. promptly provide the Non-Party with a copy of this Order, the relevant discovery request(s), and a reasonably specific description of the information requested; and

3. make the information requested available for inspection by the Non-Party.

(c) If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and

1    expense of seeking protection in this court of its Protected Material.

2    **12.**    **UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

3    If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected

4 Material to any person or in any circumstance not authorized under this Order, the Receiving Party

5 must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b)

6 use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the

7 person or persons to whom unauthorized disclosures were made of all the terms of this Order, and

8 (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound"

9 that is attached hereto as Exhibit A. Compliance with the foregoing shall not prevent a party from

10 seeking further relief from the Court.

11    **13.**    **INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE**

12        **PROTECTED MATERIAL**

13    When a Producing Party gives notice to Receiving Parties that certain inadvertently

14 produced material is subject to a claim of privilege or other protection, the obligations of the

15 Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B):

16      If information produced in discovery is subject to a claim of privilege or of

17      protection as trial-preparation material, the party making the claim may notify any

18      party that received the information of the claim and the basis for it. After being

19      notified, a party must promptly return, sequester, or destroy the specified

20      information and any copies it has; must not use or disclose the information until

21      the claim is resolved; must take reasonable steps to retrieve the information if the

22      party disclosed it before being notified; and may promptly present the information

23      to the court under seal for a determination of the claim. The producing party must

24      preserve the information until the claim is resolved.

25 Fed. R. Civ. P. 26(b)(5)(B).

26    If the Parties cannot resolve a claim of privilege or other protection without court

27 intervention, the Receiving Party shall present the information to the court under seal for a

28 determination of the claim within 21 days of the initial claim of privilege or other protection or

within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier.

Production or disclosure of documents, things, or information subject to the attorney-client privilege, work product immunity, or any other applicable privilege or immunity shall neither waive nor prejudice any claim that such or related material is privileged or protected by any applicable privilege or immunity, provided the producing party notifies the receiving party in writing promptly after discovering such production.

**14.** **MISCELLANEOUS**

14.1 Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

14.2 Right to Assert Other Objections. By stipulating to the entry of this Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Order.

14.3 Filing Protected Material. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5 and General Order 62. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. Pursuant to Civil Local Rule 79-5 and General Order 62, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law. If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5(d) and General Order 62 is denied by the court, then the Receiving Party may file the Protected Material in the public record pursuant to Civil Local Rule 79-5(e) unless otherwise instructed by the court.

**15.** **FINAL DISPOSITION**

Within 60 days after the final disposition of this action, as defined in Paragraph 4, each

1   Receiving Party must return all Protected Material to the Producing Party or destroy such material.

2   As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations,

3   summaries, and any other format reproducing or capturing any of the Protected Material. Whether

4   the Protected Material is returned or destroyed, the Receiving Party must submit a written

5   certification to the Producing Party (and, if not the same person or entity, to the Designating Party)

6   by the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected

7   Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained

8   any copies, abstracts, compilations, summaries or any other format reproducing or capturing any

9   of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival

10  copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda,

11  correspondence, deposition and trial exhibits, expert reports, attorney work product, and

12  consultant and expert work product, even if such materials contain Protected Material. Any such

13  archival copies that contain or constitute Protected Material remain subject to this Order as set

14  forth in Section 4 (DURATION).

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1    **IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

2

3    DATED:        April 10, 2012        QUINN EMANUEL URQUHART &
                                        SULLIVAN, LLP
4

5

6                                       By    /s/ Claude M. Stern
                                             Claude M. Stern
7                                            Rachel Herrick Kassabian
                                             Timothy A. Butler
8                                            Attorneys for ZYNGA INC.

9

10

11   DATED:        April 10, 2012        GIRARDI | KEESE

12

13                                      By    /s/ Graham B. LippSmith
                                             Thomas V. Girardi
14                                           Graham B. LippSmith
                                             Celene S. Chan
15                                           Attorneys for SOCIALAPPS, LLC.

16

17

18   **PURSUANT TO STIPULATION, IT IS SO ORDERED.**

19

20   DATED:   April 12, 2012

21                                      Hon. Yvonne Gonzalez Rogers

22                                      United States District Court Judge

23

24

25

26

27

28

## EXHIBIT A: ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on [date] in the case of _____ **[insert formal name of the case and the number and initials assigned to it by the court]**. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

[printed name]

Signature: _____

[signature]