**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **SOCIALAPPS, LLC,**<br><br>Plaintiff,<br><br>vs.<br><br>**ZYNGA, INC.,**<br><br>Defendant. | Case No.: 4:11-CV-04910 YGR<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO SEAL DISCOVERY LETTER BRIEF** |

Plaintiff Social Apps, LLC, has filed a motion to seal its responsive letter brief and the exhibit thereto. (Dkt. No. 62.) Defendant Zynga, Inc. does not oppose the motion.

Two very different standards govern motions to seal. *Pintos v. Pac. Creditors Ass'n*, 565 F.3d 1106, 1115-16 (9th Cir. 2009) *opinion amended and superseded on denial of reh'g,* 605 F.3d 665 (9th Cir. 2010). For most judicial records, the party seeking to seal the record must demonstrate "compelling reasons" that would overcome the public's right to view public records and documents, including judicial records. *Id. citing Kamakana v. City & County of Honolulu,* 447 F.3d 1172, 1178 (9th Cir.2006). However, a different standard applies to private documents submitted in connection with non-dispositive motions, since such motions are often unrelated or only tangentially related to the merits of the underlying claims. *Id.* at 1180; *Kamakana, supra,* 447 F.3d at 1179-80. The Rule 26(c) "good cause" standard applies to documents submitting in connection with non-dispositive motions, such as discovery motions, and the court may seal the documents "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." *Pintos, supra,* 565 F.3d at 1116.

Here, the documents sought to be sealed include the responsive letter brief, and the four exhibits attached thereto. Only Exhibit 1 is claimed to contain detailed trade secret information.

The Court finds good cause to seal Exhibit 1 for purposes of briefing on this discovery dispute only. It has been designated as "confidential" pursuant to the parties' stipulated protective order. Disclosure of the document in the public record would compromise secrecy of the materials Social Apps claims to be protected trade secrets in this action. Sealing the documents in connection with this discovery dispute would not interfere with the public's right of access. The dispute concerns the right of discovery between two private parties and does not implicate the public's interest in the judicial record of a decision disposing of a case. *Cf. Kamakana, supra,* 447 F.3d at 1179 ("[t]he public policies that support the right of access to dispositive motions, and related materials, do not apply with equal force to non-dispositive materials.")

However, this motion does not permit any party to file the document under seal in connection with a future motion. To the extent the exhibit is offered in connection with a dispositive motion or at trial, any party seeking to seal the document will be required to make a new motion.

As to the remainder of the letter brief and exhibits, the Court does not find good cause to seal the documents. Neither the letter brief nor Exhibits 2 through 4 appear to contain any information claimed to be detailed information about a trade secret.

Therefore, the motion is GRANTED IN PART as to Exhibit 1 only. Social Apps, LLC has permission to file Exhibit 1 under seal and shall file the remaining documents in the publicly available record.

IT IS SO ORDERED.

Dated: May 30, 2012

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**