**United States District Court**
For the Northern District of California

1
2
3
4
5
6
7
8                               UNITED STATES DISTRICT COURT

9                             NORTHERN DISTRICT OF CALIFORNIA

10

11   SOCIALAPPS, LLC,                                No. C 11-04910 YGR (DMR)

12              Plaintiff,                           **ORDER GRANTING IN PART AND
                                                     DENYING IN PART DEFENDANT'S**
13         v.                                        **ADMINISTRATIVE MOTION TO FILE
                                                     DOCUMENTS UNDER SEAL**
14   ZYNGA, INC.,

15              Defendant.
     _____/
16

17         On September 13, 2012, Defendant Zynga, Inc. filed an administrative motion to file

18   documents under seal, seeking to file redacted versions of two joint discovery letters and the exhibits

19   thereto under seal.  [Docket No. 70.]   Counsel for Plaintiff SocialApps, LLC submitted a declaration

20   in support of the administrative motion, stating the documents contain highly confidential and

21   proprietary information. [Docket No. 71.]

22         The Ninth Circuit set forth applicable standards governing requests to seal in *Kamakana v.*

23   *City and County of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006).  In general, court records may

24   only be sealed for "compelling reasons."  *Id*. at 1178.  However, the court has "carved out an

25   exception to the presumption of access to judicial records for a sealed discovery document

26   [attached] to a non-dispositive motion, such that the usual presumption of the public's right to access

27   is rebutted."  *Id*. at 1179 (internal citation and quotation marks omitted) (emphasis in original).

28   These materials may be sealed upon a "particularized showing" under the "good cause" standard of

1  Federal Rule of Civil Procedure 26(c). *Id*. at 1180; *see also* Fed. R. Civ. P. 26(c) (stating that if

2  "good cause" is shown in discovery, a court may issue "any order which justice requires to protect a

3  party or person from annoyance, embarrassment, oppression, or undue burden or expense").

4       The court has reviewed the documents the parties seek to file in redacted form and under seal

5  and grants in part and denies in part Defendant's administrative motion as follows:

6       With respect to the joint letter in which Defendant seeks to enforce the court's previous

7  orders regarding Plaintiff's trade secret disclosures, the letter provides only general descriptions of

8  confidential information, and does not appear to contain actual trade secrets or other confidential

9  proprietary information.  Accordingly, the court does not find good cause to permit the parties to file

10 the document in redacted form.  With respect to Exhibit A to the joint letter, Plaintiff's Confidential

11 Second Amended C.C.P. § 2019.210 Identification of Misappropriated Trade Secrets, the parties

12 have not established good cause to seal the exhibit in its entirety.  However, the following portions

13 of the exhibit appear to contain confidential and proprietary business information of Plaintiff's

14 which is protectable as trade secrets, and accordingly, the court finds good cause to permit those

15 portions to be filed in redacted form:

16        •   page 1, line 15 through page 2, line 23

17        •   exhibits 1, 2 and 3

18      With respect to the joint letter in which Defendant seeks to compel further responses to

19 interrogatories and requests for admission, the letter mainly provides general descriptions of

20 confidential information.  However, the court finds there is good cause to allow the parties to file the

21 following portions of the document in redacted form, as they appear to contain confidential and

22 proprietary information:

23        •   page 4, bullet points 1 and 5

24        •   page 5-6, numbered lists starting with "Pioneer Trail" through "FishVille"

25 Regarding Exhibit A thereto, Plaintiff's Confidential Supplemental Responses to Defendants'

26 Special Interrogatories, Set Two and Third Supplemental Responses to Defendants' Requests for

27 Admissions, Set One, the court finds the parties have not established good cause to seal the exhibit

28

in its entirety. The following portions may be filed in redacted form, as they appear to contain confidential and proprietary information:

- page 4, line 23 through page 6, line 12
- page 10, line 15 through page 12, line 18
- page 14, line 22 through page 16, line 11
- page 20, line 15 through page 23, line 15
- page 25, line 6 through page 26, the end of the sentence on line 2
- page 26, lines 10 through 15
- page 38, lines 26 and 27
- page 39, lines 11 and 12 and lines 24 through 26

In addition, the parties may redact the specific names of individuals listed throughout Plaintiff's responses to the special interrogatories and requests for admission (*see, e.g.*, 13, 23-24).

IT IS SO ORDERED.

Dated: September 21, 2012



_____
DONNA M. RYU
United States Magistrate Judge